IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**JULIAN LEE GREEN,**

**Plaintiff,**

v.

**CHIEF OF POLICE, et al.,**

**Defendants.**

CIVIL ACTION NO.: 5:22CV205
(BAILEY)

FILED

AUG 31 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff, Julian Lee Green's ("Plaintiff") *pro se* Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. *See* 28 U.S.C. § 1915(e)(2)(B). After conducting the aforesaid review, the Court is prepared to issue its recommendation.

### I.
### FACTUAL/PROCEDURAL HISTORY

This civil action arises out of an incident which Plaintiff alleges occurred on or about September 6, 2021. ECF No. 1. Plaintiff claims that, on this date, Officer B. Stanley and Officer Ryan Moore of the Wheeling Police Department violated Plaintiff's rights. *Id.* Plaintiff claims that he suffered false arrest, retaliation, harassment, and violations of law and of Wheeling Police Department Policies. Plaintiff further claims that the Wheeling Police Department Chief of Police allowed this type of behavior to occur, and that he failed to adopt legal policies and/or failed to

properly train officers.[1] As a result of this incident, Plaintiff alleges to have suffered mental and emotional injuries, financial injuries, and violations of Constitutionally protected activity. *Id.*

## II.
## DISCUSSION

After considering Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to the authority granted in 28 U.S.C. § 1915(e)(2)(B), the applicable law and the Court file, the undersigned would conclude that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Therefore, and as is set forth more fully below, the Court **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, and that Motion to Proceed *in Forma Pauperis* [ECF No. 2] be **DENIED AS MOOT**.

The Court has the authority to allow a case to proceed without the prepayment of fees (*in forma pauperis*) "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the Court conducts a preliminary review of the lawsuit before allowing the case to proceed. *See* 28 U.S.C. § 1915(e). The Court must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints."

---

[1] Though Plaintiff's Complaint states several times to "see attached," nothing appears to have been filed as an attachment to the Complaint.

2

*Neitzke*, 490 U.S. at 324. When reviewing *pro se* complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). After liberally construing the allegations in Plaintiff's Complaint, the undersigned would conclude that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." *Id.* at 555, 570. The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he or she] [was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Although a Complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Therefore, if a complaint is to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Here, Plaintiff appears to make a claim under 42 U.S.C. § 1983 because of certain actions taken by members of the Wheeling Police Department, including the Chief of Police, Officer Stanley, and Officer Moore. *See* ECF No. 1. However, Plaintiff's Complaint does not include any facts to support the elements of this claim. Without these factual averments, Plaintiff cannot establish that he is entitled to relief, and Defendants cannot be fairly placed on notice of the grounds upon which Plaintiff's claim rests. *See Bell Atl. Corp*, 550 U.S. at 555. As a result, the undersigned has no choice but to conclude that Plaintiff's Complaint should be dismissed without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B)(ii). S*ee also Nagy v. FMC Butner,* 376 F.3d 252, 258 (4th Cir. 2004) (noting that a dismissal under § 1915(e)(2)(B) is a dismissal without prejudice).

## III.
## RECOMMENDATION

Accordingly, and for all of the foregoing reasons, the undersigned **RECOMMENDS** that **Plaintiff's Complaint [ECF No. 1] BE DISMISSED WITHOUT PREJUDICE.** Additionally, the undersigned **RECOMMENDS** that **Plaintiff's Motion for Leave to Proceed** *in Forma Pauperis* **[ECF No. 2] be DENIED AS MOOT**.

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.**

**A copy of such objections should also be submitted to the Honorable JOHN PRESTON BAILEY, Chief United States District Judge. Failure to timely file objections to**

the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Respectfully submitted this 31st day of August 2022.

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE