IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JULIAN LEE GREEN,**

   Plaintiff,

v.                **CIVIL ACTION NO. 5:22-CV-205**
                      Judge Bailey

**CHIEF OF POLICE,** Wheeling
Police Department, **RYAN MOORE,**
Officer, and **OFFICER B. STANLEY,**

   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 4]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on August 31, 2022, wherein he recommends that plaintiff's complaint [Doc. 1] be dismissed without prejudice, and plaintiff's Motion for Leave to Proceed in Forma Pauperis [Doc. 2] be denied as moot. For the reasons that follow, this Court will adopt the R&R.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections [Doc. 7] on September 8, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION
**A.  Objections to R&R**

On September 8, 2022, plaintiff filed objections to the magistrate judge's R&R, claiming, "[b]eing a pro se litigant, I had the understanding that I would send additional

facts and findings and/or affidavits at the court's request." [Doc. 7 at 1]. Plaintiff then goes on re-asserting the same claims he asserted in his complaint:

> Officer B Stanley and Officer Ryan Moore of the Wheeling Police Department violated Plaintiff's rights. Plaintiff suffered false arrest, retaliation, harassment, and violations of law of Wheeling Police Department policies. Plaintiff further factually states that the Wheeling Police Department Chief of Police allowed this type of behavior to occur, and that he failed to adopt legal policies and/or failed to properly train officers. As a result of this incident, Plaintiff has suffered mental and emotional injuries, financial injuries, and violations of Constitutionally protected activity.

[Doc. 7 at 1].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

In his objections, plaintiff re-asserts the same allegations made in his complaint. The Court has conducted a de novo review only as to the portions of the R&R to which

petitioner objected. The remaining portions of the R&R to which petitioner has not objected have been reviewed for clear error.

The Court finds that the issues raised by plaintiff in his objections were thoroughly considered by Magistrate Judge Mazzone in said R&R. The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, plaintiff's objections [**Doc. 7**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 4**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that plaintiff's complaint [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE** and plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. 2**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: September 8, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**